IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDGAR ARROYO AMEZQUITA
Plaintiff
vs
UNITED STATES OF AMERICA
Defendant

CIVIL 19-1856CCC
(Related Cr. 18-0279CCC)

**OPINION AND ORDER**

Before the Court are petitioner Edgar Arroyo Amézquita's Motion for Leave to File for Relief Under 28 U.S.C. § 2255 (**d.e. 1**) and Objection for Records (**d.e. 2**), both filed on June 17, 2019. The Court interprets *pro se* litigant's motions liberally pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (2012) ("we hold [pro se plaintiffs' allegations] to less stringent standards than formal pleadings drafted by lawyers"). The Court has therefore construed both of these filings as motions for relief under 28 U.S.C. § 2255 (Criminal No. 18-279, d.e. 77). While successive § 2255 can not necessarily be considered, the Court construes these motions as being two parts of one § 2255 motion because they were filed contemporaneously. The Court proceeds directly to the merits of the two issues, as the motions may be most expeditiously dealt with on the merits rather than procedural grounds.

In his first Motion (**d.e. 1**), petitioner argues that the United States did not have Article III standing to prosecute him because the United States did not suffer an "injury in fact" at petitioner's hands. However, courts have long recognized "the special status of criminal prosecutions in our system." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Standing in criminal cases under Article III, section 2 must be examined in context of other sections of the

United States Constitution which clearly demonstrate an intent for criminal prosecutions to take place. *See e.g.,* art. III, § 2 ("The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury . . . ."); art. III, § 3 ("No Person shall be convicted of Treason unless on the testimony of two Witnesses to the same overt Act, or on Confession in open Court."); amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury . . .; nor shall be compelled in any criminal case to be a witness against himself . . . ."); amend. VI ("In all criminal prosecutions . . . ."). Though civil case law related to standing has a complex relationship to criminal prosecutions, "as all concede--the United States can prosecute crimes in the federal courts." Edward A. Hartnett, *The Standing of the United States*, 97 Mich. L. Rev. 2239, 2251 (1999). The Court finds the United States had Article III standing to prosecute the petitioner.

In his second Motion (**d.e. 2**), petitioner alleges that his plea was accepted in violation of Rule 11(b)(3) because he claims "the records reflect no actual evidence exists of any criminal conduct, either at the plea hearing or within the PSR" (d.e. 2, p. 1) and that therefore the Court failed to "determine that there is a factual basis for the plea" under Fed. R. Crim. Proc. Rule 11(b)(3).

This allegation is contradicted by the record. In his Plea Agreement, defendant signed a Stipulation of Facts "agree[ing] that the following statement provides a true and accurate summary of the facts leading to defendant's acceptance of criminal responsibility" (Criminal No. 18-279, d.e. 37, p. 12).

When accepting defendant's plea, the Court considered the facts that defendant had admitted to in the Stipulated Facts section of the Plea Agreement. The Court found that the admitted facts "contain[ed] all elements of the offense charged in the indictment" (Criminal No. 18-279, d.e. 50, p. 1). This was a Rule 11(b)(3) determination that there was a factual basis for the plea.

For the above reasons, defendant's Motions (**d.e. 1**; **d.e. 2**) are DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on September 13, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge